IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| DEVONTE FARMER, | * | |
| Petitioner, | * | |
| v. | * | Civil Action No. GLR-23-2552 |
| WARDEN GREENE, et al., | * | |
| Respondents. | * | |
| | * | |
| | *** | |

## MEMORANDUM OPINION

The Court received Petitioner Devonte Farmer's Petition for Writ of Habeas Corpus on September 18, 2023. (ECF No. 1). Farmer challenges the validity of his October 2021 conviction for "failure to stop/failure to return and remain: both involving death accident" in the Circuit Court for Baltimore County, Maryland. (Petition at 1, ECF No. 1). Farmer indicates that he is currently pursuing a direct appeal through a petition for writ of certiorari pending with the Supreme Court of Maryland. (Id. at 1–2). Farmer also has a post-conviction petition pending before the Circuit Court for Baltimore County. (Id. at 3).

Before this Court may consider the merits of claims raised under 28 U.S.C. § 2254 which challenge the validity of a state court conviction, those claims must be exhausted before the state courts. See 28 U.S.C. § 2254(b) and (c); see also Preiser v. Rodriguez, 411 U.S. 475, 491 (1973). This exhaustion requirement is satisfied by seeking review of the claim in the highest state court with jurisdiction to consider it. For a person convicted of a

criminal offense in Maryland this may be accomplished either on direct appeal or in post-conviction proceedings.

To exhaust a claim on direct appeal, it must be raised in an appeal, if one is permitted, to the Appellate Court of Maryland and then to the Supreme Court of Maryland by way of a Petition for Writ of Certiorari. See Md. Cts. & Jud. Proc. Code Ann., §12-201 and §12-301. If an appeal of right is not permitted, as in cases where a guilty plea is entered, exhaustion can be accomplished by filing an application for leave to appeal to the Appellate Court. See Md. Cts. & Jud. Proc. Code Ann., § 12-302(e). If the Appellate Court denies the application, there is no further review available and the claim is exhausted. See Md. Cts. & Jud. Proc. Code Ann., §12-202. However, if the application is granted but relief on the merits of the claim is denied, Farmer must file a Petition for Writ of Certiorari to the Supreme Court of Maryland. See Williams v. State, 292 Md. 201, 210–11 (1981). As Farmer is still awaiting disposition by the Supreme Court of Maryland of his petition for writ of certiorari, he has not yet exhausted his claims on direct appeal.

Further, Farmer must also avail himself of state post-conviction proceedings for claims that are not appropriate for relief on direct appeal. To exhaust a claim through post-conviction proceedings, it must be raised in a petition filed in the Circuit Court where Farmer was convicted and, if unsuccessful, must also be raised in an application for leave to appeal to the Appellate Court of Maryland. See Md. Crim. Proc. Code Ann. § 7-109. If the Appellate Court denies the application, there is no further review available and the claim is exhausted. See Md. Cts. & Jud. Proc. Code Ann., § 12-202. However, if the application is granted but relief on the merits of the claim is denied, a petitioner must file

a petition for writ of certiorari to the Supreme Court of Maryland. See Williams, supra. Similar to Farmer's direct appeal, his state post-conviction proceedings are ongoing as his Petition is still pending before the Circuit Court for Baltimore County. Thus, he has yet to exhaust his claims through the state post-conviction proceedings.

Finally, Farmer must also comply with a one-year filing deadline to file a petition with this Court following exhaustion of his claims. Farmer is forewarned that the one-year filing deadline begins to run on the date his conviction is final. Assuming Farmer's direct appeal pending before the Supreme Court of Maryland was timely filed, his conviction will become final upon completion of his direct appeal.

The one-year period is "tolled" during the time a properly filed post-conviction petition is pending in state court. This means that until a properly filed post-conviction petition is filed, the one-year time limitation for federal habeas corpus continues to run. Once post-conviction proceedings are completed through state court appellate review, whatever time is left on the one-year time limit is the period of time Farmer has to seek federal habeas corpus review. Given these constraints, the instant Petition will be dismissed without prejudice to accord Farmer adequate time and notice to comply with both the exhaustion and filing deadline requirements.

When a district court dismisses a habeas petition solely on procedural grounds, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" Rose v. Lee, 252 F.3d 676,

684 (4th Cir.2001) (quoting <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000)). Farmer fails to meet this standard and a Certificate of Appealability shall not issue. A separate Order follows.

Entered this 18th day of October, 2023.

                                                       /s/
                                    George L. Russell, III
                                    United States District Judge